```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>OSAKWE ISMAEL OSAGBUE,<br><br>**Defendant.** | **Criminal No.** 24-129 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendant Osakwe Ismael Osagbue ("Osagbue") moves to withdraw his guilty plea. (Docket No. 130.) For the reasons set forth below, the Court **DENIES** Osagbue's motion.

## I. Background

Beginning in 2022, Osagbue engaged in a scheme to defraud the United States Bankruptcy Courts. (Docket No. 123 at p. 8.) Osagbue impersonated real individuals who were owed money in bankruptcy proceedings and submitted fraudulent claims to the bankruptcy courts supposedly on their behalf, but actually on his own behalf. Id. at pp. 8-9. He corresponded with the bankruptcy courts using both mail and e-mail and set up fraudulent bank accounts in which to receive the funds. Id. Osagbue sought to collect at least $550,001.00, and submitted at least 28 fraudulent applications for funds to courts across the United States. Id. at p. 10.

On April 3, 2024, a federal grand jury returned an indictment charging Osagbue with mail fraud in violation of 18 U.S.C. § 1341 (count one), three counts of wire fraud in violation of 18 U.S.C. § 1343 (counts two through four), two counts of falsification of records in bankruptcy in violation of 18 U.S.C. § 1519 (counts five and six), and four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (counts seven through ten). (Docket No. 3.)  On April 10, he was arrested and placed in the custody of the Bureau of Prisons.  (Docket No. 123 at p. 10.)  He entered into a plea agreement with the government on February 19, 2025.  (Docket No. 107.)  Later that day, he pled guilty to counts one through seven of the indictment.  (Docket No. 108.)  He is currently awaiting sentencing.  See Docket No. 134.

On June 3, 2025, one week before his scheduled sentencing hearing, Osagbue moved to withdraw his guilty plea.  (Docket No. 125.)  Osagbue argued that the Presentence Investigation Report ("PSR") contained various falsities and mistakes.  Id. at p. 1.  He alleged that the PSR incorrectly claimed he had tried to collect $1.8 million in funds, when the stipulation of facts in his plea agreement attributed "at least $550,001.00" of funds to him.  See id. at p. 1; Docket No. 107 at p. 16; Docket No. 123 at p. 9.  He also objected to the way in which the PSR calculated his criminal history.  Docket No. 125 at p. 1.  The Court rejected his

motion, explaining that "[n]one of the reasons indicated by defendant are proper to request the withdrawal of a guilty plea knowingly and voluntarily made."  (Docket No. 127.)

Osagbue seeks reconsideration of the Court's previous refusal to allow him to withdraw his guilty plea.  (Docket No. 130.)  Rather than reiterating his previous arguments for withdrawal, Osagbue now argues that his guilty plea was "not made knowingly, voluntarily, or intelligently."  Id. at p. 2.  He argues that the government and the judge threatened him to plead guilty.  Id.  He also argues that both the government and the judge were racially biased against him, and that they ignored Fourth Amendment violations when denying his motion to suppress evidence obtained during his arrest.  Id.  The government opposes Osagbue's motion.  (Docket No. 135.)

## II. Discussion

Federal Rule of Criminal Procedure 11 ("Rule 11") permits a defendant to withdraw a guilty plea after the Court accepts the plea, but prior to sentencing, if he or she "can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "[A] defendant does not have an automatic right to withdraw a plea [prior to sentencing]."  United States v. Pagán-Ortega, 372 F.3d 22, 28 (1st Cir. 2004).  Pleas entered in accordance with Rule 11 "create an extremely heavy burden for a

Criminal No. 24-129 (FAB)                                                    4

defendant to overcome." United States v. Fernández-Santos, 136 F. Supp. 3d 160, 164 (D.P.R. 2015) (Besosa, J.) (citation omitted).

To determine whether withdrawal of a defendant's guilty plea is fair and just, courts consider: "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (citing United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003)). No single factor is dispositive. Id.

"The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration." United States v. Pérez-Greaux, 382 F. Supp. 3d 177, 178 (D.P.R. 2019) (Besosa, J.) (citing United States v. Ortiz, 741 F.3d 288, 292 n. 2 (1st Cir. 2014)). "To the extent that such motions are viable at all, they rely on the traditional and virtually unquestioned practice of district courts exercising their inherent authority to revisit their own orders." Ortiz, 741 F.3d at 292 n. 2. Courts apply the standard of review for civil motions for reconsideration under Federal Rule of Civil Procedure 59(e), under which an order will be altered "only if it evidenced a manifest error of law, if there is newly

Criminal No. 24-129 (FAB)                                                5

discovered evidence, or in certain other narrow situations." Pérez-Greaux, 382 F. Supp. 3d at 178.

While Osagbue argues that his guilty plea was not knowing and voluntary, at the change of plea hearing Osagbue "indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because he is guilty, and that no one threatened him or offered a thing of value in exchange for his plea." (Docket No. 116 at pp. 3-4.) He "was free to consult with his attorney or to seek clarification from the Court" throughout the hearing, and "confirmed that his agreement to plead guilty was made knowingly and voluntarily." Id. Because "it is the policy of the law to hold litigants to their assurances . . . statements at plea hearing[s] carry a strong presumption of verity." United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997) (internal quotation marks and citation omitted). Against this presumption, Osagbue's unsubstantiated allegations of threats from the government and judge made after the change of plea hearing do not persuasively show that his guilty plea was not knowingly and voluntarily made.

Nor is the Court convinced by Osagbue's objection (raised in his initial motion) to the $1.8 million figure cited in the PSR. Osagbue claims that "$1.2 million of these claims (at least) are false evidence" used "to get an indictment." (Docket No. 125 at

Criminal No. 24-129 (FAB)                                                                 6

p. 1.)  It appears that Osagbue's objects because the plea agreement stipulation cites a smaller amount, stating that he was responsible for "at least $550,001.00."  (Docket No. 107 at p. 16.)  This discrepancy, however, does not mean that his guilty plea was not knowing or voluntary because the record shows that Osagbue was aware that he could be held accountable for amounts greater than stipulated in the plea agreement.  See United States v. Nieves-Meléndez, 58 F.4th 569, 578 (1st Cir. 2023) (rejecting defendant's argument to withdraw guilty plea based on discrepancy between the plea agreement stipulated amount and the PSR, when his argument that he was not advised he could be held accountable for higher amounts was "flatly contradicted by the record.")  The plea agreement itself uses the qualifier "at least."  (Docket No. 107 at p. 16.)  At the change of plea hearing, Osagbue was informed that "the terms of the plea agreement are mere recommendations to the Court," that "the District Judge could impose a sentence that is more severe than what Defendant might anticipate," and that "if the District Judge does not follow the recommendations in the plea agreement, he will not be allowed to withdraw his plea of guilty . . . ."  See Docket No. 116 at p. 3.  Therefore, Osagbue's objection to the $1.8 million figure in the PSR does not compel a finding that his guilty plea was not knowing and voluntary.

Criminal No. 24-129 (FAB) 7

The role of the probation officer, the offense conduct contents, and the presentence report simply cannot be limited to the version of facts of the plea agreement. The probation officer cannot limit the presentence report to the version of facts of the plea agreement because limiting the facts and evidence to what the parties agree for purposes of a plea would be in direct contravention with the role of the probation officer as an independent investigator. See 18 U.S.C. § 3661. ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence.")

As for his asserted Fourth Amendment violations, Osagbue seems to be referring to his motion filed at Docket No. 24, which was denied in an Opinion & Order at Docket No. 77.[1] These asserted violations concern the police search of the apartment he was staying at when he was arrested. See Docket No. 77 at pp. 2-5. Osagbue claims the judge acknowledged that there were Fourth Amendment violations during the suppression hearing. See Docket No. 130 at p. 1. The Court has reviewed the hearing transcript, however, and finds that the judge made no such acknowledgements.

---

[1] This Opinion & Order was entered by District Judge María Antongiorgi-Jordán, who presided over the case until recusing herself in February 2025. See Docket No. 110.

Criminal No. 24-129 (FAB)                                                8

See Docket No. 70.  The Court's later Opinion & Order found that there were no Fourth Amendment violations during the search.  See Docket No. 77 at pp. 15-16.  Therefore, Osagbue's argument regarding Fourth Amendment violations has no merit and does not constitute justification for withdrawal of his guilty plea.

On balance, the remaining factors do not help Osagbue either.  The strength of the reasons offered in support of his motion is not significant.  He presents no evidence to support his allegation of racial bias, and his other arguments discussed above are unpersuasive.  He does not claim actual innocence.  He waited almost four months – from February 2025 until June 2025 – to request to withdraw his guilty plea.  See Docket Nos. 108, 125; United States v. Suárez-Colón, 854 F. Supp. 2d 187, 192 (D.P.R. 2012) (Besosa, J.) ("The principal ground on which defendant's motion is based - that his attorney pressured him into pleading guilty - is made even more implausible given the extended delay [four months] in seeking to vacate the guilty plea.")  And while the government does not argue that they would be prejudiced by his withdrawal of his guilty plea, this alone does not tilt the balance in Osagbue's favor.

Osagbue presents no fair or just reason to withdraw his guilty plea.  Therefore, his motion is **DENIED.**

### III. Conclusion

For the reasons set forth above, Osagbue's motion to withdraw his guilty plea is **DENIED**.  (Docket No. 130.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 7, 2025.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE